THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Joshua Shane Weatherford, Appellant.
 
 
 
 
 

Appeal From Florence County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2011-UP-040
 Submitted January 4, 2011  Filed February
1, 2011    

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L.
 Savitz, III, South Carolina Commission, of Columbia, for Appellant
 Assistant Deputy Attorney General Salley
 W. Elliott, Office of the Attorney General, of Columbia, for Respondent(s).
 
 
 

PER CURIAM: Appellant, Joshua S. Weatherford, was convicted of voluntary manslaughter and sentenced to eight
 years imprisonment. Weatherford appeals, asserting the trial judge erred
 in denying his motion for directed verdict arguing there was no direct or
 substantial circumstantial evidence reasonably tending to prove he killed the
 victim, Mallory Jordan.  We affirm.[1]
1. In regard to his argument that the
 trial court erred in denying his motion for directed verdict we note, when
 ruling on a motion for a directed verdict, the trial court is concerned with
 the existence or nonexistence of evidence, not its weight.  State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006). Further, our standard of review
 provides, when reviewing a denial of a directed verdict, this court must view
 the evidence and all reasonable inferences in the light most favorable to the State.  Id.  If there is any direct evidence or any substantial circumstantial
 evidence reasonably tending to prove the guilt of the accused, we must find the
 case was properly submitted to the jury.  Id. at 292-93, 625 S.E.2d at
 648.  The State presented the following substantial circumstantial evidence of
 guilt:  evidence of the location in which the gun was found and the improbable,
 to impossible, explanation of Weatherford's mother that the gun flew from
 Jordan's hand; inconsistencies in information from Weatherford's mother
 provided to the police regarding Jordan's position when he allegedly shot
 himself as well as how the gun could be found so far from the victim; evidence
 of the unnatural location of the wound and direction in which the bullet went
 through the brain indicating it was most probably a homicide, and the
 pathologist's determination all the circumstances pointed to the victim not
 having done it to himself and concluding to a reasonable degree of medical
 certainty the manner of death was homicide;  evidence that only Weatherford and
 his mother were present with Jordan when he suffered the fatal injury; and
 evidence from the expert witness testimony of Agent Simmons that her analysis
 of the three gunshot residue kits was most consistent with Weatherford having
 fired a weapon.  This evidence, when viewed collectively, presented a jury
 question as to Weatherford's guilt.  Both the law governing directed verdicts
 and our standard of review compel this court to consider only whether the State
 presented sufficient evidence from which a jury could fairly and logically
 deduce Weatherford's guilt.  Although Weatherford was able to present evidence
 in contradiction to, or at least possibly explaining, some of the State's
 evidence, the trial court was concerned with the existence or non-existence of
 evidence, not its weight, and the question is not whether there was evidence
 from which the jury could have concluded Weatherford was not guilty, but
 whether there was any substantial circumstantial evidence reasonably tending to
 prove Weatherford's guilt.  Because we find that there was, the case was
 properly submitted to the jury.
2. As to Weatherford's argument that
 there is no evidence of the sudden heat of passion necessary for voluntary
 manslaughter, and it was therefore error for the trial judge to instruct the
 jury on voluntary manslaughter, we find this argument is not preserved for our
 review.  First, appellant's statement of issue on appeal states only that
 "[t]he trial judge erred in denying defense counsel's motion for a
 directed verdict, as there was no direct evidence or substantial circumstantial
 evidence reasonably tending to prove that Weatherford had killed Mallory Jordan." 
 It does not mention any error in the submission of a voluntary manslaughter
 charge, nor does it propose error based upon lack of evidence of the "heat
 of passion" element of voluntary manslaughter.  Rule 208, SCACR, governing
 the content of appellate briefs, provides specifically as to the statement of
 issues on appeal that the appellant's brief contains "A statement of each
 of the issues presented for review" and that "[t]he statement shall
 be concise and direct as to each issue," and "[o]rdinarily, no point
 will be considered which is not set forth in the statement of the issues on
 appeal."  Rule 208(b)(1)(B), SCACR.  See also State v.
 Culbreath, 377 S.C. 326, 332, 659 S.E.2d 268, 271 (Ct. App. 2008) (noting,
 in order for an issue to be properly presented for appeal, the appellant's
 brief must set forth the issue in the statement of issues on appeal).    Further, Weatherford never raised the argument to
 the trial court that there was no evidence of heat of passion such that it was
 error to charge voluntary manslaughter to the jury.  See Jones v.
 Lott, 387 S.C 339, 346, 692 S.E.2d 900, 903 (2010) (holding issues and
 arguments are preserved for appellate review only when they are raised to and
 ruled on by the lower court).
AFFIRMED.
HUFF and LOCKEMY, JJ., and
 GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.